## JONES *v.* THE STATE.

No. 15439.  MAY 7, 1946.  REHEARING DENIED JUNE 6, 1946.

*Jesse B. Simmons* and *Otey B. Mitchell,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. E. Andrews, Solicitor-General, Daniel Duke, Assistant Attorney-General,* and *Durwood T. Pye,* contra.

ATKINSON, Justice.   The accused was jointly indicted with Jesse Craiton, and George McKay for the murder of Pete D. Verge Vergiotis. Each was tried separately. The cases of the others have previously been before this court. See *Craiton* v. *State,* 199 *Ga.* 829 (35 S. E. 2d, 510), and *McKay* v. *State,* 200 *Ga.* 120 (36 S. E. 2d, 55). The accused in the instant case was convicted and sentenced to electrocution, and from the overruling of his motion for a new trial, which contained one special ground, the case comes to this court by writ of error.

It is unnecessary to relate the evidence in detail. Suffice it to say that there was testimony of an eyewitness, admissions by the accused, a confession, testimony of an accomplice, and other evidence, which, taken all together, was ample to sustain the verdict.

■ By amendment it is shown that the court in charging upon the principle of law contained in Code, § 38-121, charged as follows:

"The testimony of a single witness is generally sufficient to establish a fact, but an exception to that rule is in the case of a felony where the other witness is an accomplice. The court instructs you on this subject, that the testimony of an accomplice in a case is not in itself sufficient evidence to convict a party charged with a crime which is a felony. Under the law such testimony, if given, in order to authorize you to convict, must be corroborated. But the extent of the corroborative testimony or corroborative facts and circumstances, if such be the case, is always entirely a question for the jury." The accused contends that the court erred in not further charging, in connection with the foregoing, "that the evidence in corroboration should be of such character as of itself to connect the accused with the commission of the crime."

In *Rawlins* v. *State,* 124 *Ga.* 31 (16) (52 S. E. 1), a charge substantially the same as the one here under review was given, and the assignment of error was "that the judge instructed the jury that slight evidence might corroborate the testimony of an accomplice, and that there was a failure to instruct the jury that corroborating evidence must connect the accused with the commission of the crime." It was there held: "The charge did not in distinct terms state to the jury that the corroboration must connect the accused with the criminal enterprise. The extract from the charge complained of is upon the extent of the corroboration so far as its weight is concerned; and upon such a charge an assignment of error can not be properly based which merely complains of the failure to charge upon another distinct proposition relating to the subject of corroboration."

The writer, speaking for himself and for Justice Head, doubts the soundness of the application of the above rule to the charge complained of as applied in *Rawlins* v. *State,* supra, as the subject to be corroborated is not a separate and distinct proposition from the extent of corroboration so far as the weight is concerned; and accordingly the charge was confusing, misleading, and incomplete, in that its effect was to permit the jury to convict where there was corroboration of the accomplice upon features of the case which were not such as connected the accused with the commission of the crime. However, the *Rawlins* case is a full-bench decision and must be followed until overruled.

*Judgment affirmed. All the Justices concur.*